UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ESTHER OLABOPO, *pro se*,	:
	:
     Plaintiff,	:
	:   **SUMMARY ORDER**
 -against-	:   10-CV-5146 (DLI)
	:
MILINDA HENRY GOMES,	:
	:
     Defendant.	:
-------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On November 3, 2010, Plaintiff Esther Olabopo filed this *pro se* complaint[1] against her landlord. The court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. However, as set forth below, the complaint is dismissed with prejudice for lack of subject matter jurisdiction as to any federal claim, but without prejudice to re-file in state court.

## BACKGROUND

The complaint alleges that, on September 9, 2010, Plaintiff and her son were illegally removed from the basement apartment at 38 Reid Avenue in Staten Island, New York "by the armed police and Red Cross without any specific happening in the basement." (Compl. at 1.)[2] The complaint further alleges that Plaintiff attempted to remove her belongings on October 4, 2010, but found that she had been locked out by her landlord, Defendant Milinda Henry Gomes. (*Id.*) Plaintiff states that she is unable to retrieve her belongings, including vital documents and jewelry, and that "Milinda H. Gomes has robbed me of everything I have." (Compl. at 2.) Plaintiff seeks $500,000 in damages.

---

[1] In reviewing plaintiff's complaint, the court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] As the original copy of the Complaint does not include page numbers, the court refers to the pages assigned by the Electronic Case Filing System.

1

**DISCUSSION**

A plaintiff who seeks to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. *See, e.g.*, *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999). "If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action *sua sponte*." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62-63 (2d Cir. 2009); *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). The Second Circuit has "emphasize[d] the need for parties and for district courts to take a hard look at jurisdictional issues early in the litigation." *Wynn v. AC Rochester*, 273 F.3d 153, 159 (2d Cir. 2001).

Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331 or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See Petway v. N.Y.C. Transit Auth.*, 2010 WL 1438774, at *2 (E.D.N.Y. Apr. 7, 2010). In order to invoke federal question jurisdiction, the plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists where there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000. *See* 28 U.S.C. § 1332(a). To have complete diversity, "each plaintiff's citizenship must be different from the citizenship of each defendant." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009).

Plaintiff has failed to establish any basis for this court's subject matter jurisdiction. First, Plaintiff has failed to allege any federal statute under which she brings her claims, and there appears to be no applicable statute. "[F]ederal courts do not have federal question subject matter jurisdiction over state residential landlord-tenant matters." *Galland v. Margules*, 2005 WL

1981568, at *1 (S.D.N.Y. 2005); *see also United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) (remanding to state court upon finding that tenant was not entitled to remove housing court action to federal court). Therefore, Plaintiff has failed to allege jurisdiction on the basis of federal question.

Second, there is no diversity jurisdiction. In the complaint, Plaintiff states that both she and Defendant reside in Staten Island, New York. Therefore, complete diversity of citizenship is lacking. Accordingly, all claims against defendant must be dismissed for lack of subject matter jurisdiction.

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted). However, a court may deny an opportunity to amend "when amendment would be futile." *Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009) (internal quotation marks and citation omitted). Here, it is clear from Plaintiff's submissions that there is no possibility of subject matter jurisdiction. Therefore, any attempt to amend the complaint would be futile. *See Cuoco*, 222 F.3d at 112 (denying leave to amend a *pro se* complaint where amendment would be futile). Accordingly, the complaint is dismissed with prejudice as to any federal claim, but without prejudice to re-file in state court.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted for purposes of this Order only. As plaintiff has failed to establish the court's jurisdiction over her claims or to state a claim on which relief may be granted, the complaint is dismissed with prejudice as to any federal claims pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B), but without prejudice

to re-file in state court. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
 April 25, 2011

/s/
DORA L. IRIZARRY
United States District Judge